81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis J. WAGGONER, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 94-35501.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided March 28, 1996.
 
 Before: WALLACE, Chief Judge, D.W. NELSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Waggoner appeals the district court's order remanding for further proceedings the decision of the Commissioner of the Social Security Administration (the "Commissioner") to deny disability payments under the Social Security Act (the "Act"), 42 U.S.C. §§ 401 et seq., 1381 et seq. The court remanded the case for further development of Waggoner's failure to follow prescribed treatment, in accordance with procedures mandated by SSR 82-59. The court further held that because the evidence does not show Waggoner to be disabled when not following treatment, Waggoner is not entitled to benefits under the provision of SSR 82-59[1] requiring the Commissioner to pay benefits until the failure issue is fully developed. We agree that the case should be remanded to an administrative law judge ("ALJ") without payment of benefits, but we do not adopt the entirety of the court's reasoning.
 
 STANDARD OF REVIEW
 
 3
 This court reviews the decision of the district court de novo, "to ensure that the [Commissioner]'s decision was supported by substantial evidence and a correct application of the law." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir.), petition for cert. filed (U.S. Nov. 28, 1995) (No. 95-6897). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995).
 
 LEGAL ERROR AND THE APPLICATION OF SSR 82-59
 
 4
 As this court stated in Roberts, SSR 82-59 "delineates the circumstances in which the Commissioner can deny benefits on the basis that the claimant has failed to follow prescribed treatment." 66 F.3d at 183 (9th Cir.1995); see 20 C.F.R. §§ 404.1530, 416.930. The procedures mandated in SSR 82-59 "only apply to claimants who would otherwise be disabled within the meaning of the Act." Id.
 
 
 5
 The ALJ made no finding as to whether Waggoner was otherwise disabled. To the contrary, the ALJ repeatedly referred to behavioral patterns and medical reports indicating that Waggoner was not otherwise disabled. Because the ALJ explicitly based his ruling on the application of §§ 404.1530 and 416.930 but did not determine that Waggoner was otherwise disabled, the ALJ's reliance on §§ 404.1530 and 416.930 was an application of incorrect legal standards.
 
 
 6
 The district court properly held that Waggoner was not eligible for immediate payment of benefits under SSR 82-59. However, the court erred in holding that this part of SSR 82-59 did not apply because Waggoner was not found to be otherwise disabled, but that the other requirements of SSR 82-59 were nonetheless binding and in need of further development on remand. That the petitioner must be otherwise disabled is a necessary precondition for all of the procedures mandated in SSR 82-59, not just the immediate payment provision.
 
 THE COMMISSIONER'S BURDEN
 
 7
 The Commissioner has established a five-step process for determining whether a person is disabled. If, as in this case, the ALJ concludes that the claimant is unable to perform past relevant work, the Commissioner has the burden of showing that the claimant can engage in other types of substantial gainful work existing in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146, n. 5 (1987); 20 C.F.R. § 416.920.
 
 
 8
 The Commissioner has not yet made an accurate determination of Waggoner's residual functional capacity and the existence of suitable jobs in the national economy. All three of the ALJ's hypotheticals were based on a misunderstanding of Dr. Moser's psychological testimony; given this fundamental flaw, we cannot agree with Waggoner's contention that we must adhere to the vocational expert's responses to the first two hypotheticals. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989) (vocational expert's testimony on claimant's residual functional capacity "has no evidentiary value if the assumptions in the hypothetical are not supported by the record"). Moreover, the third hypothetical, on which the ALJ based his decision, was predicated on the ALJ's incorrect assumption that §§ 404.1530 and 416.930 provided the "correct standard" for interpreting Dr. Holmes' report; the ALJ asked the vocational expert to assess Waggoner's employment prospects based not on Waggoner's actual residual functional capacity, but on what Waggoner "could reasonably be expected to achieve" if he were to follow prescribed treatment.
 
 
 9
 The misapplication of §§ 404.1530 and 416.930 and the speculative assessment of Waggoner's exertional capacity, coupled with the vocational expert's misunderstanding of the psychologist's medical reports, necessitates remanding to the ALJ for an accurate assessment of Waggoner's residual functional capacity and employment prospects. The ALJ pointed to an abundance of legitimate evidence indicating that Waggoner was not disabled. If there had been accurate assessment of Waggoner's vocational capacity and employment prospects, predicated on a properly formulated hypothetical and an accurate recollection of medical reports by the vocational expert, we would have had a legal basis on which to affirm the Commissioner's determination.
 
 CONCLUSION
 
 10
 We AFFIRM the judgment of the district court that Waggoner is not entitled to benefits under SSR 82-59. We VACATE the court's order that the ALJ on remand must develop the issue of Waggoner's failure to follow prescribed treatment in accordance with the procedures mandated in SSR 82-59. Instead, we direct the ALJ on remand to make an accurate determination of Waggoner's residual functional capacity and employment possibilities.
 
 
 11
 AFFIRMED in part, VACATED in part, and REMANDED in part.
 
 
 
 *
 Pursuant to § 106(d) of P.L. No. 103-296, the Social Security Independence Program Improvements Act of 1994, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 SSR 82-59 provides in relevant part:
 If the issue of "failure" arises at the hearing or AC [Appeals Council] levels, if not fully developed through the testimony and/or evidence submitted, and it has been 12 months after onset, a favorable decision will be issued, and the case will be referred for development of failure to follow prescribed treatment.