132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie GILBERT Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration Defendant-Appellee.
 No. 96-35858.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 5, 1997.***
Decided Dec. 2, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon.
 
 
 2
 Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE***, District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Leslie Gilbert ("Gilbert") appeals the decision of the district court affirming the Commissioner of Social Security's ("Commissioner") denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). We reverse the decision of the Commissioner and remand for determination of the date of disability.
 
 FACTS AND PROCEEDINGS
 
 5
 Gilbert injured his back in 1988. Medical reports from his treating orthopedic surgeon, Dr. Brack, and an examining orthopedic surgeon, Dr. Mysliwiec, concluded that Gilbert is disabled. Dr. Brack's reports are dated May and September 1991 and October 1993, and the date of Dr. Mysliwiec's report in March 1994. In November 1992, Dr. Brack completed a Physical Capacities Evaluation indicating that Gilbert was capable of light duty work. Dr. Mejo, an examining psychiatrist, found that Gilbert also suffers from mild symptoms of depression, a dysthymic disorder, and a somatoform pain disorder. Gilbert testified about his pain and other symptoms at the ALJ hearing, and his wife and sister also testified. After the ALJ's decision, Gilbert submitted to the Appeals Council a questionnaire completed by his chiropractor, Dr. Kent, indicating that Gilbert is not capable of working even at light or sedentary levels. The ALJ denied Gilbert's applications for benefits, and after considering the new evidence submitted by Gilbert, the Appeals Council denied Gilbert's request for review. The district court affirmed the decision of the ALJ.
 
 ANALYSIS
 
 6
 This court reviews a district court's decision affirming the Commissioner's denial of benefits de novo, and the Commissioner's decision will be upheld if it is supported by substantial evidence and based on proper legal standards. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996).
 
 
 7
 Gilbert argues that the ALJ erred by improperly disregarding the opinions of Drs. Brack and Mysliwiec that Gilbert is disabled. The ALJ was justified in rejecting Dr. Brack's opinion because the inconsistency between this opinion and Dr. Brack's own physical capacities evaluation significantly undercuts the reliability of his conclusions. See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir.1995). However, the ALJ improperly disregarded Dr. Mysliwiec's opinion. The ALJ failed to substantiate his position that Dr. Mysliwiec's objective fundings supported the ALJ's conclusion by providing the ALJ's own interpretations of the facts and an explanation of why they, rather that the doctor's, are correct. Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988).
 
 
 8
 The ALJ also erred by rejecting Gilbert's subjective complaints of pain without sufficient supporting reasons. The primary reason relied upon by the ALJ was the lack of support in the objective medical evidence for the severity of Gilber's pain. This deficiency is not a legitimate reason for rejecting Gilbert's pain testimony. Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1996). The other factors cited by the ALJ are also not clear and convincing reasons to disregard Gilbert's complaints. See id.
 
 
 9
 The ALJ also failed to adequately address the testimony of Gilbert's wife and sister. An ALJ can only reject lay witness testimony regarding a claimant's symptoms and daily activities if he expressly determines to do so and gives reasons germane to each witness. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.1996). In this case, the ALJ did not specifically refute the testimony of Gilbert's wife and sister or give reasons for rejecting it beyond his general evaluation of the weaknesses in Gilbert's claims.
 
 
 10
 The Appeals Council also erred by rejecting Dr. Kent's report without giving reasons for doing so. Although a chiropractor's opinion does not have the status of that of a physician, chiropractic evidence regarding how an impairment affects the claimant's ability to work is considered by the Commissioner under the same regulatory provision as lay testimony and, thus, cannot be disregarded without giving germane reasons.
 
 
 11
 In addition, the ALJ erred by posing an incomplete hypothetical to the vocational expert. The ALJ's hypothetical did not include the nonexertional limitations associated with Gilbert's dysthymia and somatoform pain disorder, both of which the ALJ found to be substantiated in the record. The claimant's experience of pain and other subjective symptoms should also have been included if supported by substantial evidence in the record. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984). In this case, the ALJ found that Gilbert's complaints were not supported by the record, but the ALJ's analysis of the evidence suffers from the errors discussed above.
 
 
 12
 When an ALJ fails to give adequate reasons for disregarding the opinion of a treating or examining physician, this court will credit that opinion "as a matter of law." Lester, 81 F.3d at 834. Dr. Mysliwiec's opinion, therefore, establishes disability as of March 1994. Because we reject Dr. Brack's opinion and it is not clear from the record whether Gilbert became disabled at the time of his accident, we remand for further proceedings on the issue of the date of disability.
 
 
 13
 The judgment is REVERSED and REMANDED for further proceedings consistent with this disposition.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is automatically substituted for his predecessor, Shirley S. Chater, Commissioner, Social Security Administration, pursuant to Fed. R.App. P. 43(c)
 
 
 **
 * The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 * The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3