Sakhone PHIMMASONE,
Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 02–35810.

D.C. No. CV–01–00257–MHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Jan. 9, 2004.

Eitan Kassel Yanich, Esq., Elie Halpern & Associates, PS, Olympia, WA, for Plaintiff–Appellant.

David R. Johnson, Esq., Office of the General Counsel, Seattle, WA, Joanne P. Rodriguez, United States Attorney's Office, Boise, ID, for Defendant–Appellee.

Before D.W. NELSON, KOZINSKI, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Sakhone Phimmasone appeals the district court's affirmance of the Social Secu-

* This disposition is not appropriate for publication and may not be cited to or by the courts

rity Commissioner's determination that Phimmasone was not entitled to disability insurance benefits.

The Administrative Law Judge (ALJ) did not err in Step 3 of the five-step procedure for determining disability benefits because Phimmasone failed to offer evidence that he met or equaled any of the listed impairments, 12.02, 12.04, or 12.05. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1; *see also Roberts v. Shalala,* 66 F.3d 179, 182 (9th Cir.1995).

■ The ALJ did err in Step 4, which requires a calculation of the claimant's residual functional capacity (RFC). The ALJ made no mention whatsoever of Dr. Read's comments regarding Phimmasone's inability to work. The ALJ cannot disregard the testimony of an examining physician without providing specific and legitimate reasons for doing so. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995).

■ In addition, the ALJ erred by failing to offer specific and cogent reasons for his rejection of Phimmasone's subjective pain testimony. Phimmasone's repeated head injuries and numerous doctors' diagnoses constituted objective medical evidence that established a basis for his symptoms. Yet the ALJ explicitly dismissed Phimmasone's functional allegations without offering any specific, cogent reasons for his finding that they lacked credibility. *Lester,* 81 F.3d at 834.

In addition to disregarding Phimmasone's pain testimony, the ALJ also mischaracterized much of Phimmasone's testimony on other, related matters. The ALJ's characterization of Phimmasone's testimony regarding his own emotional state, as well as his own ability to manage his children and the household, are not

supported by the testimony in the record. *Compare* ER 156 *with* ER 121.

■ Finally, the ALJ concluded that Phimmasone could perform work requiring a GED level of 1 in language, but he stated during the hearing that Phimmasone "is not a language 1 from what I can see." ER 144. There is no evidence in the record that Phimmasone could read any English words at all, let alone read at a rate of 95–120 words per minute, as is required for level 1. Therefore, the ALJ erred by proceeding with the unsupported assumption that Phimmasone had a language capability of level 1.

For the foregoing reasons, we REVERSE the district court and REMAND to the Commissioner for further proceedings at Step 4, and if necessary, Step 5.

REVERSED AND REMANDED.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

