**Michael W. PALLAS, Sr., Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Defendant— Appellee.**

No. 06–35013.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2007.

Filed Aug. 22, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Elie Halpern & Associates, PS, Olympia, WA, Victoria Blais Chhagan, Esq., Seattle, WA, for Plaintiff–Appellant.

Joanne E. Dantonio, Esq., Richard A. Morris, Esq., Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: CANBY, HALL, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Michael Pallas appeals the district court's judgment affirming the decision of the Commissioner of Social Security denying his application for disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005), we affirm the decision of the district court. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here.[1]

### I. Whether Pallas suffered from a severe mental impairment

We reject Pallas's argument that the Administrative Law Judge ("ALJ") erred in concluding that Pallas did not suffer from a severe mental impairment. In order to establish that he had a medically severe impairment, Pallas bore the burden of proving that he suffered from "any impairment or combination of impairments which significantly limit[ed his] physical or mental ability to do basic work activities." *Bowen v. Yuckert,* 482 U.S. 137, 141, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (quoting 20 C.F.R. §§ 404.1520(c), 416.920(c)). The medical report of Dr. Burkhart, which is the only psychological evaluation of Pallas prior to the expiration of his insured status, states that "there is no reason [Pallas] cannot work from a psychological standpoint." Dr. Burkhart also concluded that there was no reason to recommend psychological treatment of Pallas. Although the testimony of Dr. Kookier, a non-examining physician, apparently suggested otherwise,[2] the ALJ properly chose to reject Dr. Kookier's testimony in favor of the opinion of a physician who had examined Pallas. *See Pitzer v. Sullivan,* 908 F.2d 502, 506 n. 4 (9th Cir.1990) (more weight is given to the opinion of an examining physician than to that of a non-examining physician); *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989) (the ALJ is responsible for resolving conflicts in medical testimony).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. At the beginning of oral argument, Pallas withdrew the following issues raised in his appellate briefs: (1) whether the ALJ erred in denying Pallas's request to reopen his prior applications for disability insurance benefits; and (2) whether the ALJ erred in concluding that the Commissioner's 1997 decision operated as res judicata. We therefore do not address these arguments.

2. The record does not include the pages containing Dr. Kookier's testimony, but according to the ALJ, the limitations described by Dr. Kookier would be consistent with a disability under section 12.04 of the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1.

We therefore conclude that the ALJ's finding that Pallas did not suffer from a severe mental impairment was not erroneous.

## II. Whether the ALJ erred in rejecting Pallas's testimony

■ Pallas argues that the ALJ erroneously rejected his testimony regarding his physical limitations. The ALJ was required to give "clear and convincing" reasons for discrediting Pallas's testimony. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) (internal quotation marks omitted). The ALJ concluded that Pallas's statements were not credible because they were contradicted by the evidence in the record, including (1) Pallas's June 1998 statement that he believed he could perform sedentary work; (2) Dr. Oakley's conclusion that Pallas could perform a sales representative job; and (3) Dr. Barrett's opinion regarding Pallas's physical abilities. *See Regennitter v. Comm'r of Soc. Sec. Admin.,* 166 F.3d 1294, 1297 (9th Cir.1999) (determination that specific complaints of claimant conflict with specific clinical observations can satisfy requirement that ALJ give clear and convincing reasons for discrediting claimant's testimony). The ALJ also took note of Dr. Barrett's observation that there was a discrepancy between Pallas's observed lumbar flexion when he knew he was being measured by the physician and when he bent over to pick up his socks. *See Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.2002) (failure to give maximum effort during physical capacity evaluations may support ALJ's adverse credibility determination); *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996) (ALJ may consider "ordinary techniques of credibility evaluation" such as reputation for lying or testimony that "appears less than candid"). We therefore conclude that the ALJ's adverse credibility finding, supported by specific evidence in the record, was not erroneous. *See Lester,* 81 F.3d at 834 (ALJ must give "specific, cogent reasons" for disbelieving claimant's testimony) (internal quotation marks omitted).

## III. Whether the ALJ erred in rejecting Pallas's wife's testimony

■ Pallas also argues that the ALJ erred in rejecting his wife's testimony regarding some of his physical limitations. The ALJ must take into account testimony of lay witnesses, such as family members, unless he expressly determines not to "and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001). "One reason for which an ALJ may discount lay witness testimony is that it conflicts with medical evidence." *Id.* Here, the ALJ took into account Mrs. Pallas's report to the extent that it was consistent with the medical reports in the record, but rejected her testimony to the extent that it did not comport with the medical evidence. The ALJ's credibility determination was supported by the record, because the opinions of Drs. Barrett and Oakley contradicted Mrs. Pallas's testimony that her husband could not bend, twist, or reach. We therefore conclude that the ALJ properly discounted Mrs. Pallas's testimony as to some of her husband's limitations. *See id.*

## IV. Whether Pallas could perform substantial gainful work

■ Finally, Pallas argues that the ALJ erred in concluding that he had the residual functional capacity to perform substantial gainful work in the national economy. The Secretary can meet his burden of proving a claimant's ability to perform substantial gainful work by propounding to a vocational expert a hypothetical that reflects all the claimant's limitations. *Roberts v. Shalala,* 66 F.3d 179, 184 (9th Cir. 1995); *see also Tackett v. Apfel,* 180 F.3d

1094, 1101 (9th Cir.1999) (ALJ's depiction of the claimant's impairments must be "accurate, detailed, and supported by the medical record."). Here, the ALJ posed two hypotheticals to the vocational expert, both of which were consistent with Dr. Barrett's assessment of Pallas's limitations and with the medical evidence in the record. We therefore conclude that the ALJ's hypothetical was sufficient to satisfy the Secretary's burden of proving that Pallas could perform other work. *See Roberts,* 66 F.3d at 184 (a hypothetical based on conclusions that were supported by the medical evidence in the record satisfied the Secretary's burden of proving the claimant was capable of performing other work).

**AFFIRMED.**