**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| AMANDA L. ZETTELMIER, | No. 09-35848 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05636-KLS |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Argued and Submitted June 11, 2010
Seattle, Washington

Before: CALLAHAN and IKUTA, Circuit Judges, and BENITEZ, District Judge.[**]

Amanda Zettelmier ("Zettelmier") appeals from the denial of Title VII and

Title XVI benefits, claiming disability as a result of fibroproliferative diabetic

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

retinopathy, juvenile diabetes, sleep apnea, loss of sight, high blood pressure, edema, high cholesterol, asthma, depression, and failing kidney function. We affirm.

Substantial evidence in the record supports the ALJ's determination that Zettelmier's kidney impairment and right-eye limitations did not "significantly limit" her ability to do basic work activities, or else had only a "minimal effect" on her ability to perform such activities. *See* 20 C.F.R. § 404.1520(a)(4)(iii), (c); SSR 96-3p; SSR 85-28; *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Indeed, the record reflects that Zettelmier fully regained useful vision in her right eye. Accordingly, the ALJ did not err in rejecting these claimed impairments as "non-severe" at Step Two of the sequential disability analysis. *Smolen*, 80 F.3d at 1290. Likewise, even assuming that the ALJ erred by failing to conclude that Zettelmier's depression or back pain were severe at Step Two, such error was harmless because the ALJ addressed these conditions in connection with the assessment of Zettelmier's residual functional capacity at Step Four. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

The ALJ provided specific and legitimate reasons for giving lesser weight to Dr. Heilbrunn's assessment of Zettelmier's mobility. Dr. Heilbrunn's conclusions regarding Zettelmier's limitations are contradicted by his clinical observations,

2

which indicated that Zettelmier had "no difficulty" maneuvering in the examination room, and was "able to accomplish all ranges of motion" and "mount and dismount the examination table without assistance." Such an inconsistency justifies the ALJ's affording greater weight to the State Agency medical opinions. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009).

Similarly, the ALJ's failure to specifically address Dr. Wheeler's report in connection with the assessment of Zettelmier's residual functional capacity was harmless. Dr. Price's report, which the ALJ addressed at length, provided a proper basis on which to discredit Dr. Wheeler's diagnosed limitations, as did internal inconsistencies within Dr. Wheeler's own opinion, which noted that Zettelmier's depression could be controlled "with medications only," but nevertheless concluded, without further explanation, that she would suffer "moderate" restrictions from her symptoms. *See generally Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

The ALJ provided clear and convincing reasons for rejecting Zettelmier's testimony regarding her subjective symptoms. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Zettelmier testified that she takes care of her daughter and two cats, vacuums the house, does the dishes and laundry, and goes to the grocery store, thus undermining her own claimed physical limitations. *See Burch*, 400 F.3d

3

at 680–81.  Additionally, a number of physicians noted that Zettelmier's allegations of "severe mental symptoms" were inconsistent with their clinical observations.  Based on Zettelmier's daily activities, and the inconsistencies between her claims and her diagnoses, the ALJ's credibility determination was adequately supported.

Because we conclude that the ALJ did not err in defining Zettelmier's residual functional capacity, we likewise conclude that the ALJ's hypothetical to the vocational expert was not incomplete.  *See generally Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

**AFFIRMED.**

*Zettelmier v. Astrue*, 09-35848

Ikuta, Circuit Judge, dissenting:

Although I agree with most of the majority's analysis, I dissent from the conclusion that the ALJ's failure to address Dr. Wheeler's opinion was harmless. Under Social Security Ruling 96-8p, the ALJ is required to consider all of a claimant's functional limitations or restrictions. Furthermore, failure to address a particular limitation invalidates an ALJ's determination of residual functional capacity, as such determination is not supported by substantial evidence. *See Reddick v. Chater*, 157 F.3d 715, 724–25 (9th Cir. 1998). Although the ALJ might properly have discredited Dr. Wheeler's opinion based on the conflicting opinion of Dr. Price or inconsistencies within Dr. Wheeler's own opinion, the ALJ provided no such reasons, and I cannot conclude on the record before us that such error was harmless.

Based on this error, I would remand to the ALJ for reassessment of Zettelmier's residual functional capacity.