Mary JONES, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 02–55025.
D.C. No. CV–00–10859–GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided Feb. 27, 2003.

Before MESKILL,\* THOMPSON and BERZON, Circuit Judges.

## MEMORANDUM\*\*

We review the denial by the Administrative Law Judge ("ALJ") of Supplemental Security Income ("SSI") benefits for the claimant Mary Jones. Because the facts are familiar to the parties involved, we recount them only as necessary to explain our decision.

■ 1. The ALJ improperly discounted the opinion of the examining psychiatrist, Dr. Freinhar. Generally, "the opinion of an examining physician is … entitled to greater weight than the opinion of a nonexamining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Therefore, "[a]n ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonex-

amining, nontreating physician when he gives *specific, legitimate reasons for doing so,* and those reasons are supported by *substantial* record of evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir.1995) (emphasis added) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995)).

In rejecting Dr. Freinhar's opinion, the ALJ did not meet this standard. Dr. Freinhar is the only psychiatrist who examined Ms. Jones. Dr. Freinhar diagnosed her with major depressive disorder, atypical bipolar disorder, and psychosis not otherwise specified. He found that Ms. Jones had impaired recent memory and poor concentration. As a result, he concluded that she "would have difficulty working due to the fact that she is unable to focus on tasks at hand and becomes distracted from these as noted by her tangentiality in the interview. Additionally, she is unable to exhibit adequate recognition which would prevent her from performing even simple tasks."

In rejecting Dr. Freinhar's opinion, the ALJ relied primarily on the testimony of Dr. Drucker, a psychiatrist, who "suspected" that a lesser diagnosis than Dr. Freinhar's was appropriate, and thought that Ms. Jones could "probably" complete simple tasks. Dr. Drucker repeatedly suggested, however, that the record was not "adequate" and that an additional evaluation was warranted. Given Dr. Drucker's failure to express any firm conclusion that Dr. Freinhar's opinion was wrong and his requests for further examination, Dr. Drucker's testimony was not a sufficient basis on which to discount Dr. Freinhar's

---

\* The Honorable Thomas J. Meskill, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

opinion.[1]

The government argues that Dr. Freinhar's ultimate diagnosis is not consistent with his assessment that Ms. Jones had a GAF of 68. Even though a GAF of 68 suggests only minor impairment of functionality on this scale, there is nothing in the record that suggests that a person with a GAF of 68 cannot have mental impairments that rise to the level of disability. Dr. Freinhar, a psychiatric expert chosen by the state agency, is no doubt knowledgeable about the relationship between the GAF scale and an individual's ability to work.

The situation here is similar to that in *Tonapetyan v. Halter,* 242 F.3d 1144 (9th Cir.2001), in which the testifying medical expert repeatedly stated that a more detailed record was necessary. The *Tonapetyan* court concluded, in reversing and remanding, that "the ALJ was not free to ignore [the testifying doctor's] equivocations and his concern over the lack of a complete record upon which to assess [the claimant's] mental impairment." *Id.* at 1150–51. So here, the ALJ should have either accepted Freinhar's report, ordered further evaluation, or recontacted Dr. Freinhar for clarification of his conclusions and the basis for them. *See Reed v. Massanari,* 270 F.3d 838, 842 (9th Cir.2001); *see also* 20 C.F.R. §§ 404.1519a(b)(1), (4), 416.912(e), 416.919a(b)(1), (4).

■ The ALJ discounted Dr. Freinhar's assessment for three reasons in addition to his reliance on Dr. Drucker's testimony, none of them proper. First, Ms. Jones failed to seek psychiatric treatment. Provided there is a reasonable explanation for failing to do so, a failure to seek treatment cannot be used as a basis for rejecting Dr. Freinhar's diagnosis. *See Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir.1989). In particular, in *Nguyen v. Chater,* 100 F.3d 1462, 1465 (9th Cir.1996), this court held that claimants are not required to seek psychiatric treatment in order to establish a mental illness. After all, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Id.* (quoting *Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir.1989)). Dr. Freinhar in fact suggested that Ms. Jones failed to obtain treatment because she did not "comprehend the nature of her psychiatric illness."

■ Second, the ALJ found that Dr. Freinhar's observations were "inconsistent with the observations of the consulting orthopedist, or of any of the treating sources documented in the record." The ALJ did not specify any particular inconsistency, however, as required by this court's precedents, and we could not find any. Furthermore, an orthopedist's view of a patient's mental state cannot trump that of an examining psychiatrist.

■ Finally, the ALJ suggested that one possible basis for rejecting Dr. Freinhar's assessment was that it was based on Ms. Jones's subjective self-history. This consideration can be a legitimate basis for discounting a doctor's evaluation, provided the claimant's credibility is questioned. But Dr. Freinhar's ultimate conclusion—that Ms. Jones could not work—was based on Dr. Freinhar's actual, in-person exami-

---

1. A state psychiatrist, who did not testify, also reviewed Dr. Freinhar's evaluation of Jones. That psychiatrist, like Dr. Drucker, questioned Dr. Freinhar's ultimate diagnosis. The state psychiatrist, however, did not examine Jones and relied solely on Dr. Freinhar's eval-

uation. This evaluation therefore does not provide any greater basis on which to discount Dr. Freinhar's opinion than does Dr. Drucker's evaluation. Indeed, the state psychiatrist's opinion is entitled to less weight than Dr. Drucker's because he did not testify.

nation of Ms. Jones, not only on the self-reporting of her ailments.

Because the ALJ erred in discounting Dr. Freinhar's evaluation of Ms. Jones, we remand. The ALJ must then choose from the following courses of action: ordering an additional consultative examination as Dr. Drucker suggested, recontacting Dr. Freinhar for clarification, or finding Ms. Jones disabled pursuant to Dr. Freinhar's original evaluation. We note that on remand the ALJ need not order a consultative examination of Jones for her physical ailments, because the record is sufficiently developed in this regard.

2. The ALJ also erred when he rejected Ms. Jones's subjective account of her pain and dismissed the severity of both her mental and physical impairments because she failed to seek treatment. An ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir.1991) (en banc); *see also Fair*, 885 F.2d at 602. To find a claimant lacks credibility, an ALJ must make specific findings supported by the record and cannot "arbitrarily discredit a claimant's testimony regarding pain." *Bunnell*, 947 F.2d at 345–46 (quoting *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (9th Cir.1991)). The ALJ's reasons for rejecting a claimant's testimony must be "clear and convincing," *Lester*, 81 F.3d at 834, and must provide "specific, cogent reasons for the disbelief." *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990).

▮ In finding that Ms. Jones was not credible, the ALJ pointed to inconsistencies between the level of pain Ms. Jones claimed she experienced and the objective medical evidence of her condition. As noted, such disparities cannot be the sole basis for questioning the honesty of the claimant. *Bunnell*, 947 F.2d at 346–47. Our precedents specifically account for the possibility that an individual's pain may exceed that usually associated with the objective medical condition. *Id.* The ALJ here presented no "specific, cogent reasons for disbelief."

▮ Nor can the ALJ reject Ms. Jones's testimony simply because she did not get treatment. Even though a failure to follow a treatment plan or to seek treatment is evidence that weighs against a finding of disability, if there is a legitimate explanation for failure to treat a disorder, that failure cannot be held against a claimant. *Fair*, 885 F.2d at 604.

As an initial matter, it is difficult to see how Jones failed to seek treatment. She repeatedly sought out medical care for her back pain. The record shows that Ms. Jones saw numerous physicians, was hospitalized several times, did some physical therapy, and regularly took painkillers that had been prescribed to her. It is therefore not clear exactly what treatment the ALJ had in mind when he indicated that Ms. Jones failed to pursue medical care or a recommended course of treatment.

Moreover, one treating physician stated that surgery was not warranted and might make things worse for her. To receive disability benefits Ms. Jones should not have to seek treatment which is ineffective or counterproductive simply to establish adequate treatment efforts on her part.

The ALJ points to no specific discrepancy in the record between what Ms. Jones told physicians and the activities she in fact does. Further, a claimant need not be completely incapacitated to be eligible for benefits. *Fair*, 885 F.2d at 603. On remand the ALJ must either credit Ms. Jones's subjective evaluation of her pain or

give specific and cogent reasons for questioning her credibility.

REVERSED AND REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.