

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2004

# Brobst v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Brobst v. Comm Social Security" (2004). *2004 Decisions.* Paper 768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3368
_____

RICHARD C. BROBST,

Appellant

v.

*JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

*(Pursuant to Rule 43(c), F.R.A.P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-cv-02464)
District Judge:  Honorable William L. Standish
_____

Submitted Under Third Circuit LAR 34.1(a)
April 1, 2004

Before:  ALITO, FISHER and ALDISERT, <u>Circuit</u> <u>Judges</u>.

(Filed:  April 27, 2004)
_____

OPINION OF THE COURT
_____

FISHER, Circuit Judge.

Richard Brobst appeals from the district court's judgment affirming the Commissioner of Social Security's denial of his application for disability insurance benefits for a closed period from October 1, 1998, through June 4, 2001. Brobst challenges the Administrative Law Judge's determinations that he had engaged in substantial gainful activity (SGA) for the initial portion of the claimed benefits period, that he retained a residual functional capacity (RFC) to perform sedentary work in a low-stress environment, and that he was capable of performing jobs existing in significant numbers in the national economy. We affirm the district court's judgment as it was based on substantial evidence.

From 1969 through 1998, Brobst was continuously employed in various capacities. On August 14, 1997, and without warning, Brobst became disoriented while driving to work. He forgot where he was going and eventually had to call his wife to help him get home. Following this incident, Brobst began treatment with a psychiatrist, Dr. Robert Lanz. Dr. Lanz treated Brobst throughout the closed period, diagnosed him with clinical depression, and deemed him unable to sustain employment. Brobst's application for disability benefits was denied initially and on reconsideration. The ALJ subsequently found that Brobst was not disabled, a decision affirmed by the district court.

We have jurisdiction under 28 U.S.C. § 1291. Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support

the Commissioner's decision." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). The Commissioner applies the five-step analysis set forth in the regulations promulgated by the Social Security Administration in assessing whether a claimant is disabled. See 20 C.F.R. § 404.1520.

Brobst challenges the ALJ's step one, four and five conclusions – that Brobst engaged in SGA for part of the closed period (step one), retained a RFC to perform light work (step four), and was capable of performing other jobs existing in significant numbers in the national economy (step five). SGA is "work activity that involves doing significant physical or mental activities" for pay or profit. 20 C.F.R. § 404.1572(a), (b). Work performed will not demonstrate an ability to perform SGA "if, after working for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your earnings from such work fall below the [SGA] earnings level in paragraph (b)(2) of this section." Id. at § 404.1574(c). Earnings may show that one has performed SGA; in Brobst's case, had his average monthly earnings through June 1999, and between July 1999 and September 1999, equaled or exceeded $500 and $700, respectively, this would be strong evidence that he engaged in SGA.

Substantial evidence supported the ALJ's findings that Brobst had worked more than six months prior to his impairment forcing him to stop or reduce working. Moreover, even if we agree with Brobst that nearly $20,000 of the earnings reflected on

3

his tax records should not be considered in computing his average monthly earnings, the remaining amount of earnings comfortably exceeds the regulatory earnings thresholds.

Brobst's challenge to the ALJ's step-four analysis – its decision that Brobst had the RFC to perform light work – rests primarily on his contention that the ALJ erred in refusing to give controlling weight to the opinion of his treating physician, Dr. Lanz, that Brobst had been unable to hold sustained employment since 1997. There is no question that an ALJ must give controlling weight to the medical opinion of a treating physician where the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2).

The ALJ's refusal to give controlling weight to Dr. Lanz's opinion is not reversible error. The ALJ noted that while Dr. Lanz reported on October 11, 2000, that Brobst was unable to work and had not been able to hold sustained employment since 1997, Brobst had, in fact, returned to work at the time of the ALJ hearing. Still further, several state agency medical experts had opined that Brobst was capable of performing certain tasks in certain employment settings.

Additionally, the ALJ found that Dr. Lanz's opinion was inconsistent with his own clinical findings. Although Dr. Lanz's findings supported his view that Brobst was not able to work in high-stress environments, a view accepted by the ALJ in its conclusion that Brobst had a RFC to do low-stress, light work, the findings did not support Dr.

4

Lanz's conclusory determination that Brobst could not perform *any* sustained employment. Dr. Lanz found among other things that Brobst's behavior and psychomotor activity were socially appropriate, that Brobst was well-spoken when not severely stressed, and that Brobst had adequate intelligence, was fully oriented, had an adequate memory, and had no language or communication deficits.

Brobst further contends that the ALJ's step-four analysis was flawed because he failed to credit Brobst's subjective complaints of pain and symptoms. Substantial evidence in the form of Dr. Lanz's findings that Brobst could engaged in SGA in a low-stress environment and reports of Brobst's relatively extensive daily activities (including cooking, driving, shopping, vacuuming, walking, mowing the lawn and taking out the trash) supported the ALJ's refusal to credit Brobst's subjective complaints. See 20 C.F.R. § 404.1529(a) (a claimant's complaints must be supported by objective medical evidence which could reasonably be expected to produce the alleged symptoms in order to support the existence of a disability).

Finally, Brobst challenges the ALJ's step-five conclusion that Brobst could perform other jobs existing in significant number in the national economy on grounds that the ALJ improperly relied on the testimony of a vocational expert (VE) that Brobst had the ability to perform low-stress, sedentary employment. The VE responded affirmatively when asked by the ALJ whether a person of Brobst's age, education, vocational profile, and RFC could perform the jobs of a data processing clerk, audit clerk, and administrative

5

detail clerk. Brobst argues that the ALJ's crediting of the VE's testimony was erroneous because, when cross-examined by Brobst's counsel, the VE testified that a person of Brobst's characteristics who was so affected by impairments that he could not stay on task and complete assignments could not perform jobs in the national economy. We agree with the district court that the ALJ's decision not to credit the VE's testimony on cross-examination was not error because such testimony was elicited by a question depicting a hypothetical person of lesser abilities and stamina than Brobst himself. See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995) (ALJ is free to accept or reject restrictions presented in a hypothetical question propounded by a claimant's counsel as long as substantial evidence supports the decision) (citations omitted).

Accordingly, we affirm the district court's judgment.