**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANA L. GERARD, | No. 10-35172 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-00035-SEH-RKS |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted November 5, 2010[**]

Portland, Oregon

Before:    W. FLETCHER and FISHER, Circuit Judges, and JONES,
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James P. Jones, United States District Judge for the
Western District of Virginia, sitting by designation.

Tana Gerard appeals the district court's order affirming the denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I

The administrative law judge ("ALJ") provided specific and legitimate reasons supported by substantial evidence in the record for disregarding the contradicted opinions of Gerard's examining and treating clinicians. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

The ALJ properly disregarded Nurse Practitioner Sally Lydon's 2007 opinion that Gerard was "disabled" because Lydon's 2006 treatment notes acknowledge that Lydon had "never known [Gerard] to be truly physically disabled" and that "not really much has changed" since a 1996 functional evaluation found Gerard capable of full-time work. Contradiction between a source's opinion and her treatment notes provides a sufficient basis to discount her opinion. *See, e.g., Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ properly disregarded Dr. MaryAnn Evans's opinion that Gerard suffered moderate to marked limitations in several areas of cognitive and social

functioning. Evans's opinion was inconsistent with Gerard's own testimony and other record medical evidence; for example, Evans based her assessment of Gerard's social limitations on the observation that Gerard "only leaves her house for medical appointments secondary to increased anxiety" and suffered "severe relational problems" with family members. But Gerard testified that she left her house to shop for clothes and groceries, to attend GED classes, and to visit with her mother. Likewise, Evans's treatment notes indicate that Gerard's relationship with her sons was "improving," and both Evans and social worker Jerry Stenehjem observed that Gerard was establishing connections with and relying on members of her psychotherapy group. A treating physician's opinion may be discounted where the opinion is "contradicted by other statements and assessments of [a claimant's] medical condition." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ properly disregarded examining physician Dr. Betsy Rushworth's opinion that Gerard was incapable of returning to full-time work due to anxiety and depression. Rushworth based her psychological assessment in part on Gerard's self-reported physical limitations, which lay outside Rushworth's expertise. *Cf.* 20 C.F.R. § 404.1527(d)(5). Rushworth also relied on Gerard's complaints that she was unable to do housework, yardwork, or cooking, and that she did not have any

3

friends. However, one month before Rushworth's assessment, Gerard told examining physician Dr. Richard Hurd that she was capable of doing light housework, laundry, and cooking, and that she had a boyfriend. The ALJ was entitled to discount Gerard's description of her own limitations, and accordingly, Rushworth's evaluation. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Finally, the ALJ properly discounted Hurd's evaluation because Hurd disclaimed any ability to assess Gerard's physical condition due to Gerard's pain behaviors and self-limiting behaviors.

## II

The ALJ provided specific, cogent reasons supported by clear and convincing evidence for disbelieving Gerard's testimony regarding the severity of her symptoms. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ found that Gerard had exaggerated her left knee pain in several treatment situations. In September and October 2005, physical therapist Patrick Byrne concluded that Gerard's claims of left knee pain did not match her presentation. In December 2005, Dr. Patrick Thomas found that Gerard's claimed pain was disproportionate to her physical examination. Hurd, as discussed above, was unable to complete his consultative

examination because Gerard used pain and self-limiting behaviors such as moaning, rubbing her back, give-way weakness, and bracing to slight touches. Such exaggerations support a negative credibility determination. *See, e.g.*, *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1225 (9th Cir. 2010); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Moreover, the ALJ permissibly discounted the asserted severity of Gerard's anxiety and depression by observing that Gerard cared for herself, cooked and did housework, visited with friends and family members, and attended psychotherapy and GED classes. In addition, the ALJ noted that Gerard was responding to psychotherapy and medication, and that in June 2007, Lydon described Gerard as "in a good mood and . . . truly just . . . better than I have seen her in a long time." An ALJ may base a negative credibility determination on inconsistencies between a claimant's testimony, and her conduct, daily activities, and other record evidence. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

### III

The Commissioner carried his burden at Step Five because the ALJ asked the vocational expert a hypothetical that captured those functional limitations that the ALJ found supported by substantial evidence. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

**AFFIRMED.**