NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTINA R. BLACK,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

        Defendant - Appellee.

No. 11-35379

D.C. No. 2:10-cv-01220-JPD

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Argued and Submitted March 9, 2012
Seattle, Washington

Before: PAEZ and MURGUIA, Circuit Judges, and TUCKER, District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Josephine Staton Tucker, District Judge for the U.S.
District Court for Central California, sitting by designation.

Plaintiff-Appellant Kristina Black appeals the district court's judgment affirming the Commissioner of Social Security's denial of her applications for Child's Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. Black alleged disability due to depressive disorder severe with psychotic features, polysubstance abuse, obesity, chronic back pain, and anxiety disorder. We review *de novo* the district court's order affirming the Commissioner's denial of benefits to ensure that the Commissioner's decision was supported by substantial evidence and a correct application of the law. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).

The Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process to determine if Black is disabled. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. At step one, the ALJ determined that Black had not been engaged in substantial gainful activity since September 1, 2006, the alleged disability onset date. At step two, the ALJ found that Black had two severe impairments: (1) major depressive disorder, chronic, severe with psychotic features, and (2) polysubstance abuse. At step three, the ALJ determined that Black did not have an impairment that meets the criteria of an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found that Black had the residual functional capacity to perform a full range of work but with non-exertional

2

limitations, and at step four, the ALJ concluded that Black is capable of performing her past relevant work as a dishwasher, and therefore is not disabled. Alternatively, at step five, the ALJ concluded that Black is not disabled because there are other jobs that exist in significant numbers in the economy that she can perform, including work as a night cleaner.

The ALJ erred at step two by not considering whether Black's anxiety disorder is a severe impairment. Treating physician Dr. Woyna diagnosed Black as suffering from anxiety disorders and Black alleged that she was disabled in part due to anxiety disorder. By disregarding the anxiety disorder diagnosis, the ALJ failed to offer the "specific and legitimate reasons" required to reject a treating doctor's conclusions. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). Substantial evidence does not support the ALJ's conclusion that the anxiety disorder is not a severe impairment in the absence of any mention of the disorder. We cannot determine whether the error was harmless because the ALJ did not provide a statement of reasons for rejecting evidence relevant to Black's residual functional capacity, and therefore we do not know whether the ALJ's omission was "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

3

We therefore reverse and remand to the district court with instructions to remand to the ALJ to consider all of the evidence. We do not reach Black's other claims of error.

REVERSED and REMANDED.