**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JON W. FELT, | No. 13-35865 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00170-JPH |
| v. |  |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Submitted May 5, 2015**

Before:    THOMAS, Chief Judge, D.W. NELSON, and LEAVY, Circuit Judges.

Jon W. Felt appeals the district court's order affirming the Commissioner of

Social Security's denial of his application for supplemental security income

benefits under Title XVI of the Social Security Act.  At step five of the sequential

---

*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument, *see* Fed. R. App. P. 34(a)(2), and Felt's motion to submit this case on the briefs is granted.

evaluation process, the administrative law judge (ALJ) determined that Felt could perform jobs that exist in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ did not err in giving no weight to the contradicted opinion of treating psychologist Dr. W. Scott Mabee that Felt's psychological limitations prevented him from working. The ALJ provided specific and legitimate reasons, supported by substantial evidence, for giving Dr. Mabee's opinion no weight by stating that Dr. Mabee's opinion relied upon Felt's contradicted, subjective reports regarding the severity of his disability and did not address the numerous inconsistencies in the medical evidence. *See Valentine v. Comm'r of the Soc. Sec Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

The ALJ accommodated all of Felt's limitations in the residual functional capacity (RFC) assessment and in her hypothetical questions to the vocational expert. The ALJ's determination that Felt had the RFC to perform work that only included simple and repetitive one-to-three step tasks, did not involve detailed work, and only required occasional contact with the public, was consistent with the restrictions identified by the examining psychologists. *See Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008). Moreover, the ALJ's RFC

determination and associated hypothetical questions posed to the vocational expert pertaining to Felt's restrictions "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Roberts v. Shalala,* 66 F.3d 179, 184 (9th Cir. 1995) (stating that the ALJ is not bound to accept as true restrictions in hypothetical questions propounded by claimant's counsel that are not supported by substantial evidence).

**AFFIRMED.**