NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERNEST HERNANDEZ BRITO III,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-15631

D.C. No. 2:20-cv-01779-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted February 9, 2023**
Phoenix, Arizona

Before:  HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

Plaintiff Ernest Hernandez Brito III timely appeals the district court's order

affirming an administrative law judge's ("ALJ") final decision denying Plaintiff's

claim for disability insurance benefits and supplemental security income.  "The

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[ALJ's] disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Reviewing de novo the district court's decision to affirm the Social Security Administration's denial of benefits, Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014), we reverse and remand.

1. When rejecting the testimony of a claimant, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). An ALJ may "reject the claimant's testimony about the severity of [his] symptoms" as long as the ALJ provides "specific, clear, and convincing reasons for doing so." Brown-Hunter v. Colvin, 806 F.3d 487, 488–89 (9th Cir. 2015). Here, the ALJ met those standards with respect to some reasons. He discussed each of Plaintiff's claimed symptoms and identified exhibits in the record that were inconsistent with those symptoms. Specifically, the ALJ identified evidence and medical findings contradicting Plaintiff's claimed limitations in his spine, left shoulder, elbow, and knee. But the ALJ's disbelief of Plaintiff's asserted limitations resulting from his prostate cancer is not supported by substantial evidence. Plaintiff testified that he needs to use the restroom several times an hour. The ALJ's disbelief of this testimony finds no support in the medical records and, in the relevant paragraph of his opinion, the ALJ cited no

2

such support.  Medical reports <u>after</u> Plaintiff's prostatectomy are fully consistent with his testimony.  For example, a urologist was treating Plaintiff for extensive urinary frequency and incontinence issues.  Three different medications were prescribed for Plaintiff, but all three efforts failed.

Contrary to the Acting Commissioner's argument, Plaintiff did not forfeit this argument by failing to present it in his appeal to the district court.  In his opening brief to the district court, Plaintiff argued that the ALJ's statement—that he did not believe that Plaintiff needed to use the restroom as often as alleged but believed instead that normal breaks during a workday would suffice—lacked a basis in the medical records.

This error is not harmless.  As the ALJ noted, "the frequency contained in the residual functional capacity (i.e., the ordinary breaks) is sufficient."  Accordingly, the RFC did not take account of this symptom.  But, because the ALJ's assessment of Plaintiff's musculoskeletal impairments is supported by substantial evidence, a remand for payment of benefits is not warranted under 42 U.S.C. § 405(g).  <u>See</u> <u>Garrison</u>, 759 F.3d at 1020 (setting forth standard for remand for an award of benefits).

2.  Plaintiff filed his disability claim before revised rules regarding the weighing of medical evidence took effect.  20 C.F.R. § 404.1527.  Thus, the ALJ had to weigh medical opinions on a hierarchy: treating physicians' opinions

receive the most weight, then examining physicians, and then non-examining physicians. Garrison, 759 F.3d at 1012. Doctors Briggs and Hunter examined Plaintiff; the state medical consultants did not. In addition, the ALJ had to "explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another[.]" Id. The ALJ properly weighed the physicians' opinions and gave appropriate explanations.

a. The ALJ properly assigned "little weight" to Doctor Briggs' opinion, except as to Plaintiff's urinary urgency and incontinence, and "partial weight" to Doctor Hunter's opinion. The ALJ noted that Doctor Briggs' findings were inconsistent with the findings from Doctor Hunter's clinical examination and "benign physical examination findings throughout the adjudicatory period." The ALJ discussed Plaintiff's walking limitations cited by Doctor Briggs, noting that "treatment notes throughout the file directly, and consistently, contradict" Doctor Briggs' observations. Finally, the ALJ permissibly dismissed Doctor Briggs' assessment regarding Plaintiff's ability to perform regular work because that is a legal conclusion.

b. As to Doctor Hunter, the ALJ explained that his assessment merited partial weight because the "record does not support the more restrictive lifting . . . and walking limitations" Doctor Hunter noted. The ALJ provided a specific example supporting that conclusion, noting that "physical examination

4

findings revealed no significant range of motion, strength, sensation or other . . . deficits of the claimant's spine or lower extremities."

c. Finally, the ALJ properly assigned "significant weight" to the opinions of the non-examining physicians from the state agency. "An ALJ may reject the testimony of an examining, but non-treating physician, in favor of a non[-]examining, non[-]treating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995). The ALJ noted that these physicians' findings were consistent with the rest of the record, including the "generally benign physical examination findings" and Plaintiff's "testimony that he retains the ability to perform most of his daily living activities[.]" The non-examining physicians also refer to the improvement of Plaintiff's knee symptoms post-surgery and the absence of surgical treatment for Plaintiff's neck and lower back issues.

**REVERSED and REMANDED.**