**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YESENIA KELLEY, | No.   22-35270 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-03039-TOR |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted February 15, 2023**
Honolulu, Hawaii

Before:  BEA, COLLINS, and LEE, Circuit Judges.

Yesenia Kelley appeals the district court's ruling in favor of the Acting

Commissioner of Social Security and against Kelley on Kelley's claim that she is

entitled to supplemental security income under Title XVI of the Social Security Act.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The parties are familiar with the facts and procedural history of this case, so we do not repeat them here. We affirm.

1. "We review the district court's order affirming the Commissioner's denial of benefits de novo . . . to ensure that the Commissioner's decision was supported by substantial evidence and a correct application of the law." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quotation marks omitted) (alterations adopted) (quoting *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995)). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

2. Kelley first argues that the ALJ erred by finding that Kelley's substance use disorder was a contributing factor material to the determination of disability. However, the ALJ's finding is supported by substantial evidence. Specifically, the ALJ's finding is supported by reports of significant improvement during Kelley's period of sobriety and by the medical expert testimony, which indicated that Kelley, when sober, would be expected to be off task no more than ten percent of the time and would be expected to miss no more than one day of work per month.

3. Kelley argues that the ALJ erred by failing adequately to consider evidence after March 2018, including another period of "abstinence" in late 2018 to early 2019. However, the ALJ did not err in disregarding this period of "abstinence"

because Kelley continued to use marijuana during this period.[1] Therefore, the ALJ appropriately relied on Kelley's sustained period of sobriety between late 2016 and early 2018 to assess her abilities when not using any drugs.

4.     Kelley next argues that the ALJ failed to provide "specific, clear, and convincing reasons for rejecting" her testimony because the ALJ "simply recit[ed] the medical evidence in support of his or her [RFC] determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).  However, the ALJ relied on Kelley's own self-reported symptoms from the second half of 2017, Kelley's objective decrease in treatment needs and hospitalization episodes in that same timeframe, and the opinion testimony of the medical consultant.[2]  The ALJ's analysis was thorough and cannot be described as "simply reciting the medical evidence in support of his or her [RFC] determination." *Id.*

---

[1] One of the clinicians during Kelley's December 2018 hospitalization stated that "[m]arijuana abuse may be the cause of increase in her psychosis and causing her present hospitalization."  Thus, substantial evidence supports the ALJ's refusal to treat this period as a period of sobriety.

[2] Kelley argues that the medical expert's testimony should be disregarded because, in response to a question from Kelley's counsel, he agreed that Kelley would have an "issue" with respect to certain work-related abilities "for at least 20 to 33 percent of the day."  According to Kelley, being "off-task" for more than ten percent of the day would signal inability to maintain a job.  But as the ALJ immediately stated at the hearing, there was a lack of clarity as to whether the attorney and the medical expert were referring to being "off task for any activities" in the category or being "off task for some activities but not for others."  With that clarification, the medical expert was clear in stating that the percentage of the day for which Kelley would experience "off-task time or deficits in productivity" was "under ten percent."

5. Kelley argues that the ALJ erred by describing her treatment during sobriety as "very conservative." Kelley argues that her treatment was not "very conservative" because Kelley was prescribed four psychiatric medications in 2017. However, the undisputed record demonstrates that Kelley had stopped taking two of the four medications and was discharged from substance use treatment during the period of sobriety. Whether or not the treatment should be characterized as "very conservative," it is certainly consistent with the ALJ's finding of improvement during sobriety.

6. Lastly, Kelley argues that the ALJ improperly discounted the opinions of two treating therapists, one treating nurse, and one examining psychologist. In rejecting an opinion from a therapist or nurse, the ALJ need only give "reasons germane to each witness for doing so." *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017); *see also* 20 C.F.R. § 416.902(a). In rejecting an opinion from a licensed psychologist, the ALJ must give "specific, legitimate reasons." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ's proffered reasons for rejecting the opinion of the first therapist—Debbie Miller—are germane. The ALJ specifically noted that Ms. Miller did not provide any narrative explanations and her opinion is inconsistent with treatment notes from the relevant timeframe.

The ALJ's proffered reasons for rejecting the opinion of the second

therapist—Lacey Villamar—are germane. The ALJ specifically noted that Ms. Villamar "did not discuss [Kelley's] substance use, nor distinguish between [Kelley's] functioning when abstinent versus when she was using." Further, the ALJ noted that Ms. Villamar used equivocal language when describing Kelley's functioning.

The ALJ's proffered reasons for rejecting the opinion of the nurse are germane. The ALJ specifically noted that the nurse did not conduct any testing or confirmation and relied largely on Kelley's self-reports. Further, the ALJ noted that the nurse did not discuss Kelley's history of substance use and did not provide much explanation for her opinion.

The ALJ's proffered reasons for rejecting the opinion of the licensed psychologist are specific and legitimate. The lack of explanation for a medical opinion is a legitimate reason for assigning little weight to the opinion. Further, Kelley's admitted marijuana use during the time frame covered by the psychologist's January 2020 opinion meant that that opinion, which did not note her ongoing use, did not reflect an assessment of Kelley's abilities when completely sober.

**AFFIRMED**