NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA A. BENITES, | No.   22-55807 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-03429-JGB-ADS |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted October 18, 2023**
San Francisco, California

Before:  BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Appellant Theresa Benites timely appeals the district court's judgment, which affirmed the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Income under Title XVI of the Social Security Act.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's judgment affirming the Commissioner's denial of disability benefits to ensure that the Commissioner's decision was supported by substantial evidence and a correct application of law. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). "'Substantial evidence' means 'more than a mere scintilla,' but 'less than a preponderance.' It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citations omitted). We affirm.

1. Substantial evidence supports the administrative law judge's ("ALJ") use of Appellant's numerical grade level to determine that she "has at least a high school education." It is undisputed that Appellant attained a high school diploma, and Appellant proffered "no other evidence to contradict it[.]" 20 C.F.R. § 416.964(b). Hence, the ALJ did not commit legal error in failing to reduce Appellant's education level based on the remoteness and disuse of her formal education. *See* SSR 20-01p, 85 Fed. Reg. 13692, 13693 (Mar. 9, 2020).

2. Appellant's residual functional capacity ("RFC"), limited to simple, routine tasks, did not convert her "high school education" to a "limited education." *See* 20 C.F.R. § 416.964(b)(3), (4). A claimant's RFC and the vocational factor of education are separate, independent factors considered at step five of the sequential

2

disability evaluation process.  *See* 20 C.F.R. § 416.960(c)(1).  Appellant's reliance on *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015), is misplaced.  Appellant contends that *Zavalin* compels the conclusion that her RFC, limited to simple, routine tasks, is inconsistent with the regulatory definition of "high school education" in 20 C.F.R. § 416.964(b)(4).  *Zavalin* involved an apparent conflict between a claimant's RFC, limited to simple, routine, and repetitive tasks, and the Dictionary of Occupational Titles' General Education Development scale.  778 F.3d at 843–44.  *Zavalin* has no bearing on the conclusion Appellant seeks.

**AFFIRMED.**