**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAHEREH HOSSAINI MATIN, | No. 10-17936 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-01722-JF |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted February 14, 2012[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Before: TASHIMA and SILVERMAN, Circuit Judges, and GARBIS, Senior District Judge.[***]

Tahereh Matin (Matin") appeals the district court's affirmance of the final decision of the Commissioner of Social Security ("Commissioner") affirming the determination of the date of onset of her disability by an Administrative Law Judge ("ALJ"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order and, in so doing, determine whether the Commissioner's decision was supported by substantial evidence and the law was correctly applied. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009) (citing Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995)). This standard of review is highly deferential. Id.

Matin contends that the ALJ wrongly discounted the opinions of the medical advisor, her treating physician, and her own testimony, and erroneously failed even to mention the testimony of her sister. We address these contentions in turn.

The ALJ was not required to accept the opinion of the medical advisor. Armstrong v. Comm'r Soc. Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998). The ALJ appropriately evaluated the medical advisor's opinion and provided specific and legitimate reasons for not deferring to him. Considering the fact that the

[***] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for Maryland, sitting by designation.

2

medical examiner had not examined Matin, it was reasonable for the ALJ to give his testimony less weight than that of examining physicians. Ryan v. Comm'r Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008).

It is true that "[a] treating physician's opinion is entitled to 'substantial weight.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1228 (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)). However, in this case, the opinion of the treating physician was largely based upon Matin's subjective accounts[1] and provided little explanation or rationale. Moreover, the ALJ identified specific evidence in the opinions of other examining physicians that contradicted the treating physician ,which provided specific and legitimate reasons for discounting the treating physician's opinion, determining that the evidence in the case record as a whole did not support it.

The ALJ permissibly discounted Matin's testimony, finding it inconsistent with the medical reports and records as well as with her conduct, her daily activities and her own testimony. The ALJ must cite sufficiently specific reasons

---

[1] A physician's opinion premised on a claimant's subjective complaints may be discounted where the record supports the ALJ in discounting the claimant's credibility. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). See also Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (noting that a physician's opinion premised largely on a claimant's own accounts of her symptoms and limitations may be disregarded where those complaints have been properly discounted).

3

why the claimant's testimony is unpersuasive. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Further, when the ALJ finds that the claimant is not a malingerer, the "reasons for rejecting the claimant's testimony must be clear and convincing." <u>Orn v. Astrue</u>, 495 F.3d 625, 635 (9th Cir. 2007) (citing <u>Morgan</u>, 169 F.3d at 599). We believe the ALJ met this standard.

The ALJ specifically noted in some detail various discrepancies between Matin's testimony and the results documented in objective medical reports. For example, although Matin claimed in the proceedings to have suffered disabling pain and depression since 1995, she did not pursue regular mental health care treatment, the ongoing medical treatment provided was routine and conservative, and she capably handled daily tasks for herself and her mother. Moreover, pre-2006 medical reports included no complaints of the severe symptoms she described during the January 2007 hearing and supported a finding that she could continue to perform light work as a bank clerk. Accordingly, the ALJ appropriately discounted Matin's testimony when uncorroborated by objective medical evidence.

The ALJ did not acknowledge and state reasons for disregarding the lay witness testimony as to Matin's symptoms provided by her sister. Failure to acknowledge the existence of such testimony in a decision is error. <u>Robbins v.</u>

4

Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006). We hold, however, that the error was harmless because we "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Id. at 1056.

Matin's sister completed a third-party function report in November 2004, which included confirmation that Matin lives with and takes care of her mother, prepares meals, does light housework, goes shopping, pays bills, handles money, and drives herself to appointments. The report stated that Matin could do only limited work, had physical limitations due to medical difficulties, and was not social, but her condition did not affect her memory, understanding, or ability to complete tasks or follow instructions, and she capably dealt with authority figures. Notably, the report did not state that in 2004, Matin suffered from anxiety attacks, depression, or PTSD but only stated that she did not handle stress well and occasionally became emotional. The bottom line is that the sister's testimony is not inconsistent with the ALJ's finding that Matin did not, prior to February 16, 2006, display the severe symptoms rendering her fully disabled for purposes of entitlement to social security disability benefits. We thus conclude that even

crediting Matin's sister's testimony, "no reasonable ALJ . . . could have reached a different" result.  <u>Stout</u>, 454 F.3d at 1056.

For the foregoing reasons, we AFFIRM the decision of the district court.

AFFIRMED.