
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA TERRAZAS, | No. 11-16330 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00113-SMS |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Submitted December 3, 2012[**]
San Francisco, California

Before: CUDAHY [***], TROTT, and RAWLINSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Appellant Terrazas ("Claimant") appeals the district court's judgment affirming the Commissioner of Social Security's decision denying her claim for disability insurance benefits under Title II of the Social Security Act. 42 U.S.C. § 301 et. seq. We review "to ensure that the Secretary's decision was supported by substantial evidence and a correct application of the law." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995).

She raises three issues. First, whether the administrative law judge ("ALJ") "erred in failing to discuss listings 1.06 and/or listing 1.02." Second, "whether the ALJ should have afforded controlling weight to the opinion of the treating doctor." Third, "whether the ALJ provided clear and convincing reasons to reject [her] subjective complaints . . . ." Our review of the record demonstrates that these issues have no merit. Thus we affirm.

As to the allegation of listings evaluation error, we first note that Claimant did not raise or rely on listings 1.02 or 1.06 at the administrative level, even though it was her burden to do so. Roberts, 66 F.3d at 182. Moreover, based on the evidence before him, the ALJ concluded that "[t]here is no substantial evidence present in the record that the claimant's impairments, either singly or in combination, met or medically equaled the requirements of a listed impairment."

Both Dr. Bugg and Dr. Bonner concurred in this assessment. The record supports this evaluation. Thus, Claimant's first issue fails.

As to the ALJ's handling of her treating physicians, Dr. Coppola and Dr. McPherson, their opinions were not dispositive if they were not well-supported or consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). The ALJ articulated good and sufficient reasons for concluding that the doctors' opinions fell short of this standard. Furthermore, Dr. Zimmerman's input does not materially support her claims.

Finally, the ALJ concluded that Claimant was not entirely credible, an assessment also supported by substantial evidence. As the ALJ explained, her testimony of constant pain all the time was inconsistent with her statements to her doctors.

On the whole, the ALJ applied the proper legal standard; and his handling of Claimant's case was thorough, his consideration of the issues painstaking, and his decisions well supported by substantial evidence and convincing logic. In sum, we

agree with the district court:  Claimant simply failed to prove her entitlement to the

benefits she seeks.[1]

AFFIRMED.

---

[1]     Issues raised for the first time on appeal are not properly before us. Crawford v. Lungren, 96 F.3d 380, 389 n.6 (9th Cir. 1996); Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1007 (9th Cir. 2006).