**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ANNE MARIE BAGBY,

        Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant - Appellee.

No. 12-35282

D.C. No. 3:10-cv-01581-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 3, 2015
Portland, Oregon

Before: FISHER, PAEZ, and IKUTA, Circuit Judges.

Anne Marie Bagby appeals the district court's judgment affirming the denial

of her application for Supplemental Security Income. We have jurisdiction under

28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further

proceedings.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"We 'review the district court's order affirming the [Social Security Administration] Commissioner's denial of benefits de novo . . . to ensure that the Commissioner's decision was supported by substantial evidence and a correct application of the law.'"  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995)) (alterations omitted).

**1.**  We conclude that substantial evidence supports the administrative law judge's ("ALJ's") reasons for discounting Dr. Richardson's opinions and Dr. McCarthy's November 2006 Global Assessment of Functioning ("GAF") score. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Dr. Richardson stated that Bagby experienced multiple episodes of decompensation, but there is no evidence in the record of these episodes.  His evaluations of Bagby's limitations also contain internal inconsistencies.  Similarly, although Dr. McCarthy assigned Bagby a GAF score of 40 in November 2006, she noted one month later that Bagby had significantly improved, casting doubt on the continued validity of the November GAF score.  The ALJ otherwise did not discount Dr. McCarthy's anxiety and posttraumatic stress disorder assessments.  Substantial evidence thus supports the ALJ's decision to discount these findings.

2

**2.** The ALJ did not err with regard to third-party witness Pitt's statements. Although the ALJ did not agree with Pitt's conclusion about whether Bagby could "survive in the common work force," the ALJ "strongly considered [Pitt's] report, [and] f[ou]nd that the activities listed by [Pitt] are very similar to those expressed by [Bagby], showing few actual limitations." Bagby fails to show error in the ALJ's consideration of Pitt's report.

**3.** Bagby next argues that, despite fully crediting Dr. Stuckey's opinion, the ALJ failed to incorporate Dr. Stuckey's finding that Bagby faced moderate limitations in her ability to "[r]espond appropriately to usual work situations and to changes in a routine work setting" in his residual functional capacity ("RFC") assessment. We agree.

The ALJ's RFC assessment limited Bagby to "simple, repetitive tasks," no contact with the public, and "occasional interaction with coworkers." It did not reflect Dr. Stuckey's finding that Bagby was limited in her ability to "[r]espond appropriately to usual work situations and to changes in a routine work setting." This is distinct from Bagby's limited ability to interact with others, to understand, remember, and follow "complex instructions," and to "make judgments on complex work-related decisions." *See* 20 C.F.R. § 416.921(b) (describing "basic work activities" to include, separately, "(3) Understanding, carrying out, and

3

remembering simple instructions; . . . (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting").[1]

Because the RFC assessment failed to include all of Bagby's credible limitations, the ALJ posed an incomplete hypothetical to the vocational expert. *See DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).[2] On remand, the RFC assessment must incorporate all of Bagby's credible limitations.

**4.** Because we conclude that the RFC assessment was improper, we decline to address whether the ALJ erred in concluding that Bagby's statements were not credible to the extent they were inconsistent with the RFC assessment. On remand, the ALJ may reassess Bagby's credibility.

---

[1] We reject Bagby's argument that the ALJ erred in failing to incorporate Dr. Stuckey's findings regarding Bagby's limited ability to interact with supervisors. As the record reflects, the ALJ included limitations in interactions with coworkers, and Bagby has not demonstrated a basis for distinguishing between interactions with coworkers and supervisors.

[2] *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), is inapposite. *Stubbs-Danielson* concluded that an RFC assessment limiting the claimant to "simple, routine, repetitive sedentary work" effectively captured the claimant's limitations with regard to concentration, persistence, and pace because the examining physician opined the claimant could carry out work on a sustained basis so long as it was simple and unskilled. *Id.* at 1174. Here, by contrast, the RFC assessment did not capture Bagby's limitations in responding appropriately to work situations and adapting to change.

**5.** For the same reason, we decline to address any issues regarding the jobs identified by the vocational expert.  On remand, we do not preclude the parties from raising arguments about other work Bagby can perform based on a proper RFC assessment.

**6.** On remand, the district court is directed to remand this case to the Commissioner for proceedings consistent with this memorandum.  The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**