**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBIN ROY,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 14-35162

D.C. No. 2:12-cv-03078-FVS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted July 5, 2016[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

Robin Roy appeals the denial of her claim for Supplemental Security

Income. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The ALJ permissibly accorded little weight to Dr. Chan's opinion. Though a treating physician, Dr. Chan's opinion could be rejected for specific, legitimate reasons. Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1463 (9th Cir. 1995). The ALJ noted that Dr. Toews disagreed, Dr. Chan's opinion was not consistent with Roy's daily activities, and Dr. Chan's opinion was not consistent with his treatment notes showing that Roy's condition improved with medication. Dr. Chan observed in each visit that her mood and affect were normal. See Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 692–93 (9th Cir. 2009); Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Absent observations of unusual mood and affect, Dr. Chan's diagnosis appeared to be derived from Roy's self reports. The ALJ found Roy was not credible as to the extent of her symptoms, so the record supported rejection of a diagnosis based on self reports. See id. The ALJ's rationale was supported by substantial evidence.

2. The ALJ did not err by rejecting the opinions of Roy's therapists. They are "other sources," 20 C.F.R. § 404.1513(d)(3), whose opinions could be rejected for "reasons germane to each witness." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 (9th Cir. 2010)). The record sufficiently supports the ALJ's rationale that the

therapists' opinions were inconsistent with the notes from Roy's mental health treatment, because she improved with treatment, and the therapists failed to account sufficiently for the effect of Roy's drug abuse and failures to use medications. Roy's citation to Social Security Ruling 82–59 is inapposite, because it regards when the Secretary can deny benefits for failure to follow treatment, Roberts v. Shalala, 66 F.3d 179, 183 (9th Cir. 1995), and does not limit the reasons for discounting the validity of certain evidence.

3. The ALJ erred by not considering the opinion of Dr. Eisenhauer, a reviewing physician. See 20 C.F.R. § 404.1527(e)(2)(ii). She expressly stated that she "has not considered" Dr. Eisenhauer's opinion, because she thought Dr. Eisenhauer was referring to "another individual of the same name." But this claimant's Social Security Number and Client Identification Number appeared on Dr. Eisenhauer's records. Regardless, the error was harmless. "[T]he relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error, it is whether the ALJ's decision remains legally valid, despite such error." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (citation omitted). Dr. Eisenhauer's opinion was conclusory and brief,

Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002), and contradicted by Dr. Toews's well-supported opinion.

4. The ALJ did not err regarding her characterization of Dr. Kester and Dr. Flanagan's opinions. The ALJ included the limitations identified by Dr. Kester in the portion of his examination that reflects his opinion about Roy's functional limitations. The form which Dr. Kester completed expressly stated that the check-the-box section should be explained in narrative form, pursuant to which Dr. Kester explained that Roy could "understand and remember non-complex instructions and execute simple tasks," and would "work best with limited to superficial public contact."

5. The ALJ's question to the vocational expert was not incomplete because the ALJ properly discounted or construed the limitations Roy claims should have been included in the ALJ's question. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**