**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA JONES, | No. 14-36099 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-00843-BR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 27, 2017**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Veronica Jones appeals the district court's affirmance of the Commissioner

of Social Security's denial of her application for disability insurance benefits under

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not err in discounting Jones' testimony concerning the extent of her symptoms and their limiting effects. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting portions of Jones' testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ cited evidence that Jones had stopped working due to a lay-off rather than for health reasons, Jones had appeared to exaggerate her symptoms and their effects, Jones' course of treatment was relatively conservative, Jones had failed to seek and comply with medical treatment for some of her alleged symptoms, and Jones' symptoms were alleviated or controlled when she did follow her prescribed treatment.

Although Jones alleges several errors concerning the ALJ's reasons for discounting her testimony, they all lack merit. While Jones takes issue with the ALJ's reliance on her failure to seek adjustments to her CPAP machine despite her treatments providers' advice, arguing she could not take this additional action because she could not manage her own activities of daily living, her reported daily activities and ability to keep her doctors' appointments during this time contradict her argument.

Jones' objection to the ALJ including his own observations that Jones was able to sit through the entire hearing without changing position or displaying signs of pain also fails. While an "ALJ's observations of a claimant's functioning may not form the sole basis for discrediting a person's testimony," they may be used in "the overall evaluation of the individual's statements," as the ALJ did here. *See Orn v. Astrue*, 495 F.3d 625, 639–40 (9th Cir. 2007) (citation omitted).

The ALJ also reasonably concluded that despite Jones' testimony that she uses a walker, she was not prescribed one, as the medical record indicates her physical therapist recommended she use a walker for exercises as part of her treatment plan, rather than as a device to assist with mobility. We "may not engage in second-guessing" the ALJ's credibility interpretation where it rests upon a reasonable interpretation of the record. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Lastly, even if the ALJ was mistaken in his statement that the record does not show Jones missed any medical appointments due to her alleged forgetfulness, this error was harmless, as the ALJ's other reasons for discounting her testimony remain supported by substantial evidence. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ did not err by discounting the opinion of examining physician Dr. Coelho in favor of consulting physician Dr. Berner's opinion. An "ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). The ALJ properly supported his evaluation of this medical evidence by pointing out how Dr. Coelho's opinion conflicted with the ALJ's own observations of the claimant and with other objective medical evidence in the record.

The ALJ also did not err by discounting the evidence from examining psychologist Dr. Roman. The ALJ proffered specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Roman's contradicted opinion, including inconsistencies within Dr. Roman's evidence, inconsistencies between this opinion and other medical evidence in the record, and inconsistencies between Jones' own testimony and Dr. Roman's opinion. *See Trevizo*, 871 F.3d at 675. The ALJ's interpretation that the opinion of Dr. Roman, who assigned Jones a Global Assessment of Functioning ("GAF") score of 50 and concluded Jones demonstrated serious symptoms, conflicted with the opinion of Dr. Schur, who found Jones had a GAF score of 55 and displayed only moderate

4

symptoms, was reasonable. Therefore, we uphold the ALJ's interpretation. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Despite Jones' arguments to the contrary, the ALJ did not cherry-pick isolated examples of improvement of Jones' symptoms as evidence that contradicts Dr. Roman's opinion. The instances the ALJ pointed to spanned several months. Furthermore, several counter examples Jones cites are of limited relevance because two predate her alleged disability onset date and one involves a period when Jones had run out of her depression medication. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1164–65 (9th Cir. 2008). In short, the ALJ fulfilled his obligation to resolve conflicting medical evidence in Jones' record, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008), and we uphold his rational interpretation of the evidence, *see Ryan*, 528 F.3d at 1198.

**AFFIRMED.**