NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA M. MCCLOUD, Plaintiff-Appellant, v. ANDREW M. SAUL, Commissioner of Social Security, Defendant-Appellee. | No. 18-35322 D.C. No. 3:17-cv-05290-MAT MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted July 6, 2020
Seattle, Washington

Before: NGUYEN and BUMATAY, Circuit Judges, and SIMON,** District Judge.

Cynthia M. McCloud (McCloud) appeals the district court's judgment

affirming the decision of the Commissioner of Social Security to deny McCloud's

application for supplemental security income and disability insurance benefits

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

(collectively, benefits) under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We affirm.

We review de novo a district court's order affirming the Commissioner's decision to deny benefits. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We set aside a denial of benefits only when the decision of the administrative law judge (ALJ) is based on "legal error or not supported by substantial evidence in the record." *Id*. Substantial evidence means more than a mere scintilla, but less than a preponderance. *Id*. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. When "evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id*. at 654.

1.     McCloud argues that the ALJ improperly discounted her subjective symptom testimony. When an ALJ finds a claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms and there is no evidence of malingering, the ALJ must give specific, clear, and convincing reasons to reject the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided several reasons for discounting McCloud's

testimony, including: (1) her lack of mental health treatment from 2008 to 2013; (2) her improvement after she obtained mental health treatment; (3) several inconsistencies between McCloud's statements and the medical record and other evidence; and (4) the mild objective clinical findings. These are all acceptable reasons. *See Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). Further, the ALJ's findings are supported by substantial evidence in the record.

Regarding McCloud's lack of mental health treatment from 2008 to 2013, there is no evidence in the record showing that her failure to seek mental health treatment during that period was attributable to her mental health impairments rather than her own personal preference. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). Regarding inconsistencies between McCloud's statements and the record evidence, the ALJ identified, among other things, inconsistencies between, on one hand, McCloud's statements about whether she could leave her house alone and whether she could go out in public and, on the other hand, other evidence in the record. These inconsistencies are appropriate for the ALJ to consider. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Regarding the objective medical findings, although an ALJ may not rely solely on the fact that objective medical evidence does not substantiate a claimant's testimony, *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006), it is nevertheless an appropriate factor for an ALJ to consider. *See Rollins v.*

3                                                                                      18-35322

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Thus, the ALJ did not err by considering the lack of corroborating objective medical evidence, among other reasons given by the ALJ for discounting McCloud's subjective symptom testimony.

2. McCloud contends that the ALJ erred by failing to discuss the notation made by a Social Security Administration (SSA) interviewer, commenting that McCloud was a very poor historian regarding both her work and medical history. An ALJ "may not reject 'significant, probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). The interviewer's single notation, however, was not significant probative evidence. Further, the ALJ reached the same conclusion as the interviewer, finding that the inconsistencies in McCloud's statements undermine "the claimant's reliability as an accurate historian."

3. McCloud asserts that the ALJ erred by discounting the lay opinions of McCloud's husband and sister. To discount lay witness testimony, an ALJ "must give reasons that are germane to each witness." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015). The ALJ gave germane reasons for discounting the testimony of these witnesses, including that their testimony was inconsistent with both McCloud's activities and the medical record.

18-35322

4.     McCloud argues that the ALJ erred in discounting the medical opinion of the SSA's examining specialist Kenneth A. Hapke, Ph.D. McCloud also argues that the ALJ erred by looking only at Dr. Hapke's Medical Source Statement and ignoring other material in Dr. Hapke's file, when formulating McCloud's residual functional capacity (RFC). Dr. Hapke found "significant impairment in memory functioning" but also concluded that McCloud "could still adequately manage funds." The ALJ explained that "some weight is given to Dr. Hapke's findings," but "greater weight is not given because his findings are too broad, particularly his finding that it was unlikely that the claimant would return to substantial gainful activity." The ALJ also recognized that Dr. Hapke conducted a "detailed and comprehensive psychological examination." An ALJ may reject the testimony of an examining, but non-treating physician, in favor of a non-examining, non-treating physician when the ALJ gives "specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), as amended (Oct. 23, 1995).

In disability benefits cases, "physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Contrary to McCloud's argument, the ALJ did not afford Dr. Hapke's opinion lesser weight *solely* because he opined about the ultimate issue of

employability. That would have been inappropriate. Instead, the ALJ gave diminished weight to Dr. Hapke's findings based in part on the opinions of the non-examining doctors. That is appropriate. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (stating that the contrary opinion of a non-examining physician may constitute substantial evidence when it is consistent with other independent evidence in the record).

In addition, contrary to McCloud's argument, the ALJ considered Dr. Hapke's entire opinion and not merely his Medical Source Statement. The ALJ noted that "Dr. Hapke performed the most detailed mental testing in the record, which indicated that the claimant has a neuropsychological impairment, but that it was minimal or mild." The ALJ also noted other testing conducted by Dr. Hapke. The ALJ acknowledged Dr. Hapke's "testing" regarding memory impairment, which "indicated a significant memory impairment." As the ALJ explained, Dr. Hapke's "detailed mental testing," as well as "observations and testing," showed that McCloud had a "minimal or mild" neuropsychological impairment and a "significant memory impairment." Thus, the ALJ considered more than just Dr. Hapke's Medical Source Statement conclusions.

5.    McCloud also contends that the ALJ erred in discounting the medical opinion of the other SSA examining specialist, Tasmyn Bowes, Psy.D. The ALJ discounted Dr. Bowes's opinion because she "relied too much on the claimant's

less than credible complaints and was unaware of [McCloud's] regular marijuana use." The Commissioner concedes that the latter reason was error. Dr. Bowes acknowledged McCloud's marijuana use. The Commissioner, however, argues that the former reason was specific and legitimate under *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that an ALJ may discount a doctor's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible).

Under *Buck v. Berryhill*, "the rule allowing an ALJ to reject opinions based on self-reports does not apply *in the same manner* to opinions regarding mental illness." 869 F.3d 1040, 1049 (9th Cir. 2017) (emphasis added). This is because "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." *Id.*

The ALJ, however, also explained that greater weight was not given to Dr. Bowes's opinion because Dr. Bowes did not recognize certain inconsistencies in McCloud's testimony that were recognized by other doctors, whose opinions were given greater weight by the ALJ. Further, Dr. Bowes's mental status examinations did not align with the severity of her conclusions, nor did they align with the prior mental status examinations of other doctors. These are acceptable

18-35322

reasons to discount Dr. Bowes's opinions.

6.      Because substantial evidence supports the ALJ's conclusions regarding the medical and lay evidence, we find no error in the RFC determination. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**